**Thomas Lester HANNEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44143.**

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Nov. 30, 1971.

Melvyn Carson Bruder, Dallas (by appointment on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment was assessed by the court at 15 years following a verdict of guilty.

The appellant was tried jointly with one Frank Edward Timmons.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that Winnie Risner, night clerk of the Valhalla Motel in the city of Dallas, was robbed by three men near midnight on April 20, 1969, of approximately $500.00. She identified the appellant Hanney and his co-defendant Timmons as two of her assailants.

■ Initially appellant contends he "was deprived of a fair trial and denied due process of law when the prosecutor, on cross-examination of a defense witness, interrogated the witness as to whether or not

the co-defendant was committing an extraneous offense at the time of co-defendant's arrest."

It would appear that appellant has misread the record. There is no suggestion during the entire examination of the witness in question that appellant's co-defendant was committing any extraneous offense. In fact, the witness denied the co-defendant was even present at the time of the arrest.

Robert Timmons, 16 year old brother of the co-defendant, was called as a defense witness. He related he was arrested on April 23, 1969, and identified in a lineup by the complaining witness but denied any participation in the robbery.

On cross-examination he testified he was playing cards when he was arrested with five others and acknowledged that there was money there but denied ownership of the same. He guessed "they was playing for money." While it appears that the appellant Hanney was arrested at the same time, the witness testified his brother, the co-defendant, was at work when the arrests took place. To none of this testimony was there an objection.

Other evidence showed that the co-defendant was not arrested until June 13, 1969, when he reported to his probation officer.[1]

■ Under the circumstances presented, we fail to see how appellant is in a position himself to complain about the showing of an extraneous offense on the part of the co-defendant when the evidence reflects the co-defendant was not present. Further, the evidence, admitted without objection, does not show that the appellant was personally engaged in an extraneous offense. If the evidence was inadmissible, failure to object resulted in a waiver of

1. This testimony is in conflict with that of Dallas Police Officer Marvin Johnson who related he arrested appellant and his co-defendant together on April 23, 1969. The State later suggested to the jury the officer was mistaken or had confused the co-defendant with his younger brother Robert.

the objection. 56 Tex.Jur.2d, Trial, Secs. 158, 159, 160.

We need not reach the question of whether the State also had the right to show the circumstances of the arrest. No error is shown.

We have reviewed the remaining two grounds of error which appellant's appointed counsel submits only "in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493" and find them to be without merit.

The judgment is affirmed.

ROBERTS, J., not participating.